IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IVO SVETOZAROV DAMYANOV | : | |
| | : | |
| v. | : | CIVIL NO. CCB-13-1308 |
| | : | Criminal No. CCB-11-0120 |
| UNITED STATES OF AMERICA | : | |

...o0o...

**MEMORANDUM**

Federal prison inmate Ivo Damyanov filed a timely motion to vacate his sentence under 28 U.S.C. § 2255. The government has responded, Damyanov has replied, and no oral argument is needed. For the reasons that follow, the motion will be denied.

Damyanov pled guilty, on the day of trial and without a plea agreement, to three counts of a superseding indictment charging conspiracy to commit access device fraud (One); access device fraud (Four); and aggravated identity theft (Five). On March 16, 2012, after a lengthy hearing, he was sentenced to 51 months on Counts One and Four, concurrent, and 24 months consecutive on Count Five, for a total of 75 months. He also was ordered to pay restitution in the amount of $442,169.50, the estimated amount of loss suffered by the approximately 528 victims of the fraud. His appeal, which challenged a two-level guidelines enhancement, was denied by the Fourth Circuit. *See United States v. Damyanov*, 503 F. App'x 224 (4th Cir. 2013). On May 1, 2013, he filed the present § 2255 motion, alleging that trial counsel was ineffective for promising him the sentence would be 24-30 months plus 24 months consecutive; that trial counsel had a conflict of interest because he himself had been a victim of identity fraud; and that his plea was not knowing and voluntary because he pled to a $19,433 loss but was sentenced based on a $423,000 loss. The record demonstrates that each of these claims are without merit.

I will assume without deciding that under some circumstances an inaccurate sentencing prediction by counsel could constitute ineffective assistance.  Even if an inaccurate prediction was made, however, the court's Rule 11 colloquy with Damyanov, under oath, was sufficient to make clear the correct circumstances.  Damyanov was told of, and indicated he understood, the possible penalties, up to the maximums, that the court did not have to accept counsels' recommendation, and that no one could make him "a binding promise" of what the guidelines range or the sentence would be.  (Gov't Mot. Ex. 2. ECF No. 122-2, at 9:8-10:1, 24:20-25:8.) *See United States v. Foster*, 68 F.3d 86, 87-88 (4th Cir. 1995); *United States v. Lambey*, 974 F.2d 1389, 1394-95 (4th Cir. 1992) (en banc).

Second, Damyanov has not shown that counsel's purported conflict, assuming one existed, adversely affected counsel's performance in any way.  *See United States v. Nicholson*, 611 F.3d 191, 205 (4th Cir. 2010); *Mickens v. Taylor*, 240 F.3d 348, 361 (4th Cir. 2001) (en banc).  As Damyanov admits, counsel did disclose the alleged conflict to him.  While a motion to withdraw was heard, the reasons were unrelated to counsel's personal experience with identify theft, and the motion was resolved following a hearing.  (ECF Nos. 78, 79, 83).  Counsel, an experienced and highly competent defense attorney, advocated vigorously for Damyanov at sentencing.  There is certainly no reason to believe the sentence would have been lower had Damyanov chosen to go to trial.

Finally, Damyanov's claim about the amount of loss and restitution is procedurally defaulted because it was not raised on direct appeal.  Moreover, he was clearly advised at the Rule 11 hearing that the amount of loss, for both guidelines calculation and for restitution, remained to be determined by the court.  (Gov't Mot. Ex. 2 at 23:2-22, 24:14-19.)  The issue was

fully heard at sentencing and Damyanov's counsel's argument for the lower amount was rejected.  (Gov't Mot. Ex. 4, ECF No. 122-4, at 7:11-14:15.)

Accordingly, the motion will be denied by separate Order which follows.  A certificate of appealability is not warranted.


<u>July 30, 2014</u>                                         _____/s/_____
Date                                                                  Catherine C. Blake
                                                                           United States District Judge